FILED

JAN 1 8 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Andrew L. Sawyers #738807
William S. Keys Correctional Center
One Williams S Key Blvd
Fort Supply, Ok 73841

CIV 17        52    HE

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Andrew Linton Sawyers, Plaintiff | Case no. _____ (To be supplied by the Clerk) |
| v. | |
| Randell Edwards, Defendant (s) Dr. Cooper Et al | Civil Rights Complaint Pursuant to 42 U.S.C. §1983 |

### A. JURISDICTION

1)      Andrew L. Sawyers, is a citizen of Oklahoma who presently resides at *William S. Keys Correctional Center: One William S Key Blvd Fort Supply, OK 73841.*

2)      Defendant Randell Edwards Et al, is a citizen of El Reno, Oklahoma, and is employed as Sheriff Canadian County. At the time the claim (s) alleged in this complaint arose, was this defendant acting under color of state law?  Yes. If your answer is "Yes", briefly explain: Randell Edwards is Sheriff of Canadian county and thus responsible for actions of those under his command.

3)      Defendant Dr. Cooper Et Al is a citizen of El Reno, Ok, and is employed as Health Care Service Provider Canadian County at the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law? Yes. If your answer is "Yes", briefly explain: The medical staff was contracted to provide sufficient and adequate service to Canadian County offenders.

### B. NATURE OF THE CASE

1)      Briefly state the background of your case. On 25 February 2016 plaintiff was transported from Oklahoma Medical Center, {where plaintiff underwent emergency back surgery} to Canadian County Detention Center. The Jail personal upon plaintiffs' arrival were duly informed by OBN Agent Anthony Moore of the surgeons required two week follow-up visit and provided a copy of documents from the hospital (content unknown by plaintiff.) Additionally a prescription for medication issued my OU Medical staff. After the standard booking procedure plaintiff was placed in an isolation cell I-15. Plaintiff complained on numerous occasions of excruciating pain, having to initiate doctor visit. The ineptitude of the medical service provider led to inadequate and insufficient medical

care. Basically after only one brief doctors visit plaintiff was ignored by medical staff with the exception of daily medication which only was provided sporadically (see facts). The plaintiff asked repeatedly to be transported back to OU for the follow-up visit required by the operating surgeon, merely eliciting a response that an appointment had been scheduled. The plaintiff was not taken back to OU medical center for a follow-up. The plaintiff's medical needs were so grossly neglected that the plaintiff had to remove the original dressing OU medical center placed on lower back after surgery. This was five weeks after surgery. Plaintiff displayed due diligence in an attempt to exhaust Administrative remedies

## C. CAUSE OF ACTION

1)      I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:

A) (1)   Count I: Deliberate Indifference to a serious medical need 8th Amendment of the US Constitution violation.

(2)  Supporting Facts:
On the 22nd of February 2016, after auto accident plaintiff was transported to OU medical center. After x-rays, plaintiff suffered from a broken back in three places L2, L3, L4, compression facture and underwent immediate emergency surgery.
On the 25th of February 2016, plaintiff was transported by OBN Officer Anthony Moore from OU medical center to the Canadian County Detention Center. Upon arrival officer Athoney Moore informed jail officials of the back surgeon required a follow-up visit in two weeks. Additionally Officer Moore delivered medical records including a prescription from the OU medical staff.
On the 1st of March 2016 plaintiff initiated a doctor visit with the medical service provider in order to see someone. During the visit the doctor informed the duty nurse of the OU surgeons' requirement for a two week follow up visit. The duty nurse stated that she would schedule the appropriate appointment. Doctor Cooper (not the examining doctor) in change of medical services at Canadian County Detention was supposed to approve such appointment. The examining doctor prescribed an additional 800 mg Ibuprofen to be administered by the duty nurse prior to the end of shift 3:30 pm.
01-03 March 2016:  Plaintiff received afternoon dose
04-05 March 2016: No afternoon meds
06 March 2016:  No am or afternoon meds, complained to staff of excruciating pain requesting to go to OU.
07--11 March 2016:  No afternoon meds. Request to go to OU 11 March 2016
09 March 2016:  submitted inmate/offender request for grievance form to officer Chancellor addressed to Capt. Ellison (Canadian County Detention Center.) no response.
10 March 2016:  No follow-up visit to OU medical center as OU surgeons required.
14 March 2016:  Submitted second request for grievance form to officer Contreras addressed to Lt. Carmack (admin Lt Canadian County Detention Center) after receiving no response to first request.

<u>16-19 March 2016</u>:  No afternoon meds.

<u>18 March 2016</u>:  Plaintiff was charged $20.00 for doctor visit and medication

<u>19 March 2016</u>:  Submitted request to health services to cease medication (800mg Ibuprofen) see request attached.

<u>21 March 2016</u>:  Submitted 3rd request for a grievance form to Officer Lebeaux addressed to Lt. Carmack (admin Lt Canadian County Detention Center) after receiving no response to second request for a grievance form.

<u>23 March 2016</u>:  Plaintiff spoke to Lt Carmack at 9:30 pm (approx) asking for a grievance form explaining the lack of response to three previous written requests. These requests for grievances were to grieve the lack of adequate medical care after surgery for broken back and no follow-up visit to the surgeon at OU medical center. Lt Carmack never returned with a grievance form. Plaintiff has clearly exhibited due diligence in an attempt to exhaust administrative remedies prior to the filing of this action.

<u>01 April 2016</u>:  Plaintiff was changed $10.00 for medication which as request was cancelled. Plaintiff had to remove his own dressing on his back after five weeks, due to the lack of medical care by the medical service provider (Canadian County Detention Center), which was suppose to be removed during follow-up visit two weeks after surgery.

<u>04 April 2016</u>:   Plaintiff was transported from Canadian County Detention Center to Pottawatomie County overflow.

<u>03 May 2016</u>:   Plaintiff was transported to William S. Keys Correctional Center.

<u>05 May 2016</u>:   Upon seeing medical staff for initial visit at William S. Keys Correctional Center, staff asked if plaintiff had any pre-existing medical conditions. Plaintiff stated recovery from back surgery requesting lower bunk restriction. Staff informed plaintiff to submit a "sick call" request.

<u>08 June 2016</u>:   Plaintiff saw doctor for follow-up visit at William S. Keys Correctional Center 103 days after surgery 89 days after OU surgeon required follow-up. Doctor issued lower bunk restriction to plaintiff.

<u>09 June 2016</u>:   Plaintiff received 1st x-rays of back after incarceration in the State of Oklahoma.

2)    I have previously sought informal or formal relief from the appropriate administrative official's regarding the acts complained of in Part C. No. I requested a grievance form in four separate requests; to Officer Chancellor on the 09th day of March 2016. I requested a grievance form, handed requested to officer Contreras, addressed to St. Carmack. No response, on the 21st day of March 2016 submitted written request for a grievance form and sent request to Officer Lebeaux addressed to Lt. Carmack. No response, on the 23rd day of March 2016, made oral request to Lt. Carmack for grievance, no action taken.

## E. REQUEST FOR RELIEF

1)    I believe that I am entitled to the following relief:

**Discretionary damages**:  in the amount of $500,000 for mental anguish of the partial loss of mobility and the pain I experience pain in my lower back which will limit my ability to perform certain duties in my occupation as a commercial electrician.

**General damages**:  in the amount of $500,000

**Punitive damages:**  in the amount of 1.2 million for cruel and unusual punishment, pain and suffering the insufficient and inadequate medical care which is a violation of the plaintiffs most basic and guaranteed civil liberties protected by the 8th amendment of the US Constitution.

## VERIFICATION/DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 21 O.S. § et seq. O.S. § 748 Rule 4 © rules for the District Court of Oklahoma the plaintiff herein states under penalty of perjury and under the laws of Oklahoma that the foregoing is true and correct; that the plaintiff has read the foregoing and affixed his signature hereto at the William S. Keys Correctional Center, Ft. Supply, Ok on this _12_ day of _JAN_ 20_17_.

(s) _Andrew L. Sawyer_

## CERTIFICATE OF SERVICE

I, _Andrew Sawyer_, the undersigned Petitioner, hereby certify that on the _12_ day of _JAN_, 20_17_, I handed this and one true and correct copy of the foregoing "28 U.S.C. 1983" to William S. Key Correctional Center prison officials for mailing via the institutional Legal Mail System with pre-paid U.S. first class postage affixed thereto, as follows:

Rhonda Reynolds-                    Court Clerk (Federal)
U.S. Courthouse
200 NW 4th St., Rm 1210
Oklahoma City, OK 73102-3092

Randell Edwards-                    Sheriff of Canadian County
Dr. Cooper-                   Health Care Service Provider Canadian Co.
301 N. Evans St.
El Reno, Ok 73036