## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ANDREW L. SAWYERS,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. CIV-17-52-HE
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CHRIS WEST et al.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀)

## REPORT AND RECOMMENDATION

Plaintiff, Andrew L. Sawyers, has filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C).

Before the Court is the Motion to Dismiss filed by Defendant Dr. Cooper, [Doc. No. 23], to which Plaintiff has responded, [Doc. No. 25] and Defendant Cooper has replied. [Doc. No. 26]. For the reasons set forth below, it is recommended that Defendant Cooper's motion be granted without prejudice based on improper service and lack of personal jurisdiction. Additionally, if this Report and Recommendation is adopted, it is recommended that Plaintiff be granted an additional twenty-one days to serve Defendant Cooper.

### I.⠀⠀Background

Plaintiff set forth the factual background of his case in the section of his Complaint entitled "Nature of the Case." *See* Complaint [Doc. No. 1], 1-2. Plaintiff states he was transported from the Oklahoma Medical Center, where he had undergone emergency back surgery, to the Canadian County Detention Center (CCDC) on February 25, 2016. The orthopedic surgeon had informed Plaintiff and the Oklahoma Bureau of Narcotics agent, who transported Plaintiff to CCDC, that

Plaintiff should be seen at a follow-up appointment in two weeks. The surgeon also sent a prescription for pain medication with Plaintiff. The transporting agent relayed the instructions for the follow-up appointment to officials at CCDC. Plaintiff was never taken to a follow-up appointment, however, and he states that the prescribed pain medication was both ineffective and administered sporadically. After five weeks, Plaintiff removed the surgical bandages himself.

## II.     Cause of Action

Plaintiff contends his Eighth Amendment right to be free of cruel and unusual punishment was violated. He alleges Defendant Cooper was deliberately indifferent to his serious medical needs. [Doc. No. 1], 2.

In support of his claim, Plaintiff states that on March 1, 2016, he was attended by an unidentified doctor at CCDC who prescribed additional Ibuprofen and instructed the duty nurse to schedule a follow-up appointment with the orthopedic surgeon. According to Plaintiff, Defendant Cooper was "in charge" of medical services at CCDC and was responsible for approving outside appointments. The fact that he was not taken to the follow-up appointment after his surgery is, according to Plaintiff, the fault of Defendant Cooper.

## III.     Defendant Cooper's Motion to Dismiss

Defendant Cooper contends the claims against him should be dismissed because he was not properly served with process as required by Fed. R. Civ. P. 4. *See also* Fed. R. Civ. P. 12(b)(5) (insufficient service of process may be raised by motion); Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction may be raised by motion). Further, Defendant Cooper moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

---

[1] Because Defendant Cooper was not properly served with process, the Court will not address Defendant Cooper's dispositive motion brought pursuant to Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 4 permits service of a summons and complaint upon an individual by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Alternatively, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Oklahoma law, service can be effected by delivering a copy of the summons and petition to the person directly, or by leaving a copy of the summons and petition at the person's house with someone over 15 years old, who resides at the house, or by delivering a copy of the summons and the petition to an authorized agent. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). Service can also be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested, and delivery restricted to the addressee. Okla. Stat. tit. 12, § 2004(C)(2)(a). Further, the Oklahoma Supreme Court has held that strict compliance with the Oklahoma statutory scheme is not required for service to be proper, but "that the Oklahoma Pleading Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant." *Graff v. Kelly*, 814 P.2d 489, 495 (Okla.1991). But in *Graff*, the Oklahoma Supreme Court held that service of process in a suit against a physician was not effected by serving the receptionist at the defendant's place of business, because the receptionist had not been specifically authorized to accept service on behalf of the defendant physician. *Id.* at 493.

In this case, the Marshals Service attempted to serve Defendant Cooper at the physical office for Turn Key, the company for whom Defendant Cooper works. The service papers were

signed by Kathi Calton, who identified herself as "Executive Assistant." *See* Return of Service [Doc. No. 17]. Defendant Cooper states Ms. Calton is not authorized to accept service of process on his behalf. *See* Motion to Dismiss at 6. Thus, Defendant Cooper was not properly served, the Court lacks personal jurisdiction over him, his Motion to Dismiss on that basis should be granted and the action should be dismissed as to Defendant Cooper without prejudice.

## RECOMMENDATION

For the reasons set forth herein, it is recommended that the Motion to Dismiss [Doc. No. 23] filed by Defendant Cooper be dismissed without prejudice for ineffective service of process and lack of personal jurisdiction. If this Report and Recommendation is adopted, it is further recommended that Plaintiff be granted an additional twenty-one days in which to serve Defendant Cooper.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 5, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the Chief District Judge in this matter.

ENTERED this 15th day of August, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE