# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ANDREW L. SAWYERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-0052-HE |
| CHRIS WEST, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Andrew L. Sawyers, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action alleging defendants were deliberately indifferent to his serious medical needs while he was housed at the Canadian County Detention Center ("CCDC"). Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings. The magistrate judge has issued a Report and Recommendation recommending that a motion plaintiff filed seeking a medical exam be denied. Plaintiff has filed an objection to the Report.

In this action plaintiff alleges that his constitutional rights were violated while he was incarcerated at CCDC. He currently is in the custody of the Oklahoma Department of Corrections (DOC). *See* Doc. Nos. 107, p. 2; 60.[1] After the dispositive motion deadline and after defendants filed a motion for summary judgment, plaintiff filed a motion seeking an order requiring DOC to send him for a "full medical exam" at a "non-affiliated medical facility." Doc. #103, p. 1. The magistrate judge construed the motion as one seeking

---

[1] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

injunctive relief and concluded it should be denied for various reasons. He noted that the motion was directed to a non-party and plaintiff had provided no facts which suggested that DOC was in "active concert or participation with CCDC officials so as to be CCDC's alter ego in this matter." Doc. #107, p. 3. He further noted that plaintiff had already received a medical examination while in DOC custody and had failed to explain why that examination was insufficient.

In his objection plaintiff discusses multiple violations of DOC legal mail policy that have allegedly occurred. But what he fails to do is explain why his prior medical examination, which included medical images of his spine, was inadequate. *See* Doc. #106-2.[2] The court therefore concludes plaintiff has not demonstrated the magistrate judge erred in concluding plaintiff is not entitled to an independent medical examination.

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Jones and denies plaintiff's motion requesting a full medical exam [Doc. #103]. This order does not terminate the referral.

**IT IS SO ORDERED**

Dated this 24th day of September, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2] *The medical examination was a follow-up to plaintiff's surgery and occurred after plaintiff was transferred from CCDC. See Doc. #102-1, pp. 5-7;106-2, p. 1.*